Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001115
22-APR-2014
09:10 AM

NO. CAAP-12-0001115

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALVAH L. RUIS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CRIMINAL NO. 09-1-245K)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Alvah L. Ruis (**Ruis**) appeals from the "Findings of Fact and Conclusions of Law; Order" entered November 7, 2012 in the Circuit Court of the Third Circuit[1] (**circuit court**), denying his Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40 petition for post-conviction relief (**Rule 40 Petition**).

On appeal,[2] Ruis contends that certain findings by the circuit court were clearly erroneous and certain conclusions were wrong when the court denied his Rule 40 Petition because newly discovered evidence justified relief from conviction, and he received ineffective assistance of counsel.

---

[1] The Honorable Ronald Ibarra presided.

[2] While the circuit court extended the due date for filing an appeal without an express finding of "good cause" per Hawai'i Rules of Appellate Procedure Rule 4(b)(5), our jurisdiction is proper under the "unique circumstances" doctrine. See Cabral v. State, 127 Hawai'i 175, 184, 277 P.3d 269, 278 (2012) (appellate jurisdiction proper where motion for an extension of time was filed before the original deadline expired, the deadline was extended, and the extension was later deemed invalid).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Ruis's appeal is without merit.

On June 20, 2012, Ruis filed his Rule 40 Petition asserting a letter from the primary complaining witness (**CW**) justified relief from conviction. Ruis contends CW's letter was newly discovered evidence sufficient for relief from conviction under HRPP Rule 40(a)(1)(iv).[3] Ruis also contends he was denied effective assistance of counsel, requiring relief from conviction under HRPP Rule 40(a)(1)(i).

In reviewing the circuit court's disposition of the Rule 40 Petition, we review the circuit court's findings of fact for clear error and the conclusions of law *de novo*. Coulter v. State, 116 Hawaii 181, 184, 172 P.3d 493, 496 (2007). Moreover, "[t]he granting or denial of a motion for new trial is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion." State v. Hicks, 113 Hawai'i 60, 69-70, 148 P.3d 493, 502-03 (2006) (internal quotation marks, citation omitted). An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregards

---

[3] HRPP Rule 40(a)(1) sets out the five grounds on which relief may be sought:

Rule 40. POST-CONVICTION PROCEEDING.

(a) Proceedings and grounds.

. . . .

(i) that the judgment was obtained or sentence imposed in violation of the constitution of the United States or of the State of Hawai'i;

(ii) that the court which rendered the judgment was without jurisdiction over the person or the subject matter;

(iii) that the sentence is illegal;

(iv) that there is newly discovered evidence; or

(v) any ground which is a basis for collateral attack on the judgment.

rules or principles of law or practice to the substantial detriment of a party litigant. See id.

A motion for a new trial based on newly discovered evidence will only be granted if the defendant proves: (1) the evidence has been discovered after trial; (2) such evidence could not have been discovered before or at trial through the exercise of due diligence; (3) the evidence is material to the issues and not cumulative or offered solely for purposes of impeachment; and (4) the evidence is of such a nature as would probably change the result of a later trial. See State v. McNulty, 60 Haw. 259, 588 P.2d 438 (1978), overruled on other grounds by Raines v. State, 79 Hawai'i 219, 900 P.2d 1286 (1995). A criminal defendant bears the burden of proof on all these requirements. See United States v. Turner, 995 F.2d 1357, 1364 (6th Cir. 1993) (analyzing Federal Rule of Criminal Procedure Rule 33, which in pertinent part is substantially similar to HRPP Rule 33).

In denying Ruis's Rule 40 Petition, the circuit court found that: (1) the former counsel listed the letter as an exhibit for trial; (2) the former counsel credibly testified that he discussed with Ruis the substance of the letter and its relation to possible defenses; and (3) the CW credibly testified that Ruis dictated the letter to her. The circuit court thus concluded the letter was discovered before the change of plea hearing and that Ruis failed to satisfy the first prong required for granting a new trial based on newly discovered evidence. The circuit court's findings of fact were not clearly erroneous and the conclusions of law were not wrong, and the circuit court did not abuse its discretion in denying Ruis's Rule 40 Petition seeking a new trial.

Ruis's ineffective assistance of counsel claim similarly fails. Ruis was required to establish: (1) that there were specific errors or omissions reflecting his counsel's lack of skill, judgment, or diligence, and (2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. State v. Antone, 62 Haw. 346, 348-49, 615 P.2d 101, 104 (1980).

3

Ruis contended his former counsel provided ineffective assistance of counsel by failing to review the subject letter with him before his change of plea hearing. Since his former counsel said he received the letter, discussed its relative importance with Ruis, and intended to use the letter at trial, the circuit court, in denying Ruis's Rule 40 Petition, concluded Ruis failed to show a lack of skill, judgment, or diligence on the part of former counsel that would affect a potentially meritorious defense. These findings and conclusions of the circuit court were not erroneous. Coulter, 116 Hawai'i at 184, 172 P.3d at 496.

Ruis's former counsel testified he considered the letter in his trial preparation, listed it as an exhibit, and discussed with Ruis its relative importance. The circuit court relied on testimony from the CW and former counsel. And, Ruis himself testified he "was aware that [CW] had changed her statement."

Therefore,

IT IS HEREBY ORDERED that the "Findings of Fact and Conclusions of Law; Order" entered November 7, 2012 in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, April 22, 2014.

On the briefs:

Taryn R. Tomasa
Deputy Public Defender
and
Frank L. Miller
for Defendant-Appellant.

Presiding Judge

Linda L. Walton
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee.

Associate Judge

Associate Judge

4